Donald Peder Johnsen (011545)
dpj@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

Tomio B. Narita (admitted *pro hac vice*)
tnarita@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
(415) 283-1000

Attorneys for defendant
Premium Collection Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Horvath,<br><br>Plaintiff,<br><br>vs.<br><br>Premium Collection Services, Inc.,<br><br>Defendants. | CASE NO.: 2:09-CV-02516-GMS<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Defendant Premium Collection Services, Inc., by and through its undersigned counsel, hereby moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the complaint in its entirety.  The plaintiff's allegations fail to state viable claims upon which the Court may grant relief against the defendant.

This motion is based upon the file, record, and proceedings herein, and upon the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED this 25th day of January, 2010.

SIMMONDS & NARITA LLP


By: s/Tomio B. Narita
    Tomio B. Narita
    Attorneys for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiff Richard Horvath ("Horvath") filed this action alleging, *inter alia*, that defendant Premium Collection Services, Inc. ("PCS") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"). Specifically, Horvath claims PCS violated section 1692g of the FDCPA, because it never communicated with him, and never sent him a validation notice as required by that section of the statute. Accepting Horvath's allegations as true, however, he has pled himself out of this Court. The notice provisions of section 1692g do not apply until <u>after</u> a collector has communicated <u>directly</u> with the consumer. Since Horvath alleges that PCS never contacted him at all, section 1692g was never triggered. The FDCPA claim fails as a matter of law, and cannot be amended. The complaint should be dismissed in its entirety.

Horvath alleges that PCS was retained to collect an alleged debt owed to non-party Ford Motor Company ("Ford"). *See* Complaint, ¶¶ 4-8. According to Horvath, Ford provided him with $3,000 in payments under its Long Term Disability Policy, but Ford later claimed Horvath was not disabled and demanded return of the payments. *Id*. ¶¶ 10-17.

Horvath alleges that PCS was retained to collect the debt, and that PCS improperly "placed this purported obligation on Plaintiff's credit record with the various credit reporting agencies asserting that it was a delinquent obligation." *Id*. ¶ 18. He also asserts PCS failed to communicate with him directly in any manner, including allegedly failing to send a notice to him under section 1692g of the FDCPA. *Id*. ¶¶ 19-20, 29.

# ARGUMENT

## I. STANDARDS GOVERNING MOTIONS TO DISMISS

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, Plaintiff must, "at a minimum, plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1122 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

As the Supreme Court explained in *Twombly*, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In a subsequent decision, the Supreme Court observed:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Only complaints that state "a plausible claim for relief" can survive a motion to dismiss. *Id.* The determination of whether a plausible claim for relief has been stated is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." *Id.*

## II. THE FDCPA CLAIM FAILS BECAUSE THERE HAS BEEN NO INITIAL COMMUNICATION WITH HORVATH AND THUS SECTION 1692G WAS NEVER TRIGGERED

Horvath alleges that PCS failed to send him a notice required by section 1692g of the FDCPA. But the plain language of the FDCPA provides that a collector not need to send this notice until five days <u>after</u> the collector has actually had the first "communication" directly with the debtor concerning the debt. *See* 15 U.S.C. § 1692g (notice must be sent "[w]ithin five days of the initial

1 communication with a consumer in connection with the collection of any debt ...").
2 If the allegations of the Complaint are accepted as true, as they must be, PCS
3 <u>never</u> communicated directly with Horvath.  *See* Complaint, ¶ 20 (alleging that
4 PCS failed to send the notice "or have any other contact with Plaintiff at any time,
5 . . .").  The notice requirements of section 1692g were never triggered, and the
6 FDCPA claim fails as a matter of law.

7       Horvath does claim that PCS reported the debt to "various credit reporting
8 agencies."  *See* Complaint, ¶ 19.  Even if this is assumed true, however, it does not
9 constitute a "communication" with Horvath.  Numerous courts have recognized
10 the communications with consumer reporting agencies or other third parties do not
11 trigger an obligation to send the consumer the section 1692g notice.  *See, e.g.,*
12 *Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D.
13 Maryland 2006)(summary judgment for defendant on section 1692g claim:
14 allegation that Defendant "communicated the debt to Plaintiff's credit report" does
15 not support section 1692g claim "because it is not a communication with a
16 consumer."); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008)
17 (dismissing section 1692g claim where plaintiff only alleged communications
18 between defendant and consumer reporting agencies); *Kaiser v. Braje & Nelson,*
19 *LLP*, 2006 WL 1285143 (N.D. Ind. May 5, 2006) (granting summary judgment on
20 section 1692g claim where all communications were with debtor's attorney, not
21 with debtor).

22
23
24
25
26
27
28

**CONCLUSION**

According to Horvath, PCS never communicated with him. As such, his section 1692g claim fails as a matter of law. The FDCPA claim cannot be amended. The complaint should be dismissed in its entirety.

RESPECTFULLY SUBMITTED this 25th day of January, 2010.
SIMMONDS & NARITA LLP

By: s/Tomio B. Narita
Tomio B. Narita
Attorneys for Defendant

I certify that on this 25th day of January, 2010, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bradley D. Gardner (011211)
Attorney for Plaintiff

By: s/Tomio B. Narita
Tomio B. Narita
admitted *pro hac vice*