1
2
3
4

LAW OFFICES
UDALL, SHUMWAY & LYONS, P.L.C.
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax:  (480)833-9392

5
6

Bradley D. Gardner - #011211
bdg@udallshumway.com
Attorneys for Plaintiff

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF ARIZONA**

9
10

Richard Horvath,
                              Plaintiff,

**NO.  2:09-CV-02516-PHX-GMS**

11

v.

**FIRST AMENDED COMPLAINT**

12

Premium Collection Services, Inc., a
foreign company

**(JURY TRIAL REQUESTED)**

13

                              Defendant.

14
15
16

        Plaintiff, Richard Horvath, for his First Amended Complaint against Defendant, alleges
as follows:

17

**PRELIMINARY STATEMENT**

18
19

        Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt
Collection Practices Act (FDCPA), negligence and for defamation.

20
21

**JURISDICTION**

22
23
24
25

        1.        The jurisdiction of this court is conferred by 28 U.S.C. § 1331 pursuant to the Fair
Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 and pendent jurisdiction pursuant to
28 U.S.C. § 1367. Venue lies in the District of Arizona as Plaintiff's claims arose from acts of the
Defendant perpetrated therein.

26

**PARTIES**

27
28

        2.        Plaintiff is an individual residing in the State of Arizona who purportedly incurred
a consumer debt primarily for personal, family or household purposes.

3.      Defendant, Premium Collection Services, Inc., is a foreign company licensed in the State of Michigan, doing business in the State of Arizona and engaged in actions in the State of Arizona which damaged the Plaintiff.

### ALLEGATIONS

4.      The Plaintiff is an inactive employee of Ford Motor Company  having been hired on or about February 1, 2000, and having been on permanent paid medical leave since September, 2005.  Plaintiff retired from Ford Motor Company as of July 1, 2009.

5.      Premium Collection Services, Inc., is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

6.      The Plaintiff is a consumer as defined by 15 U.S.C. § 1692(a)(3).

7.      The purported debt in question qualifies as a debt as defined by 15 U.S.C.  § 1692 (a)(3).

8.      Premium Collection Services, Inc., was retained to collect the purported debt of Plaintiff.

9.      At the time of his initial disability leave, the Plaintiff was a sixty-one (61) year old man with persistent symptoms of daytime sleepiness, extreme fatigue, and pathological sleepiness.

10.     At relevant times herein, the Plaintiff made requests for Long Term Disability Benefits from Ford Motor Company for disability resulting from this condition.

11.     On or about May 2, 2005, through June 15, 2005, Ford Motor Company provided Long Term Disability payments to the Plaintiff totaling $3,000.

12.     Upon information and belief, Ford Motor Company provided these disability payments to the Plaintiff with the understanding that he was disabled under the terms and condition of its Long Term Disability Policy.

13.     During all relevant times herein, the Plaintiff was ready, willing and able to provide information to said company concerning his medical condition and even requested that he be seen by any company doctor retained by his employer to further access his medical condition and confirm his disability.

14.     Upon information and belief, Ford Motor Company performed little or no meaningful investigation concerning his disability.

15.     A reasonable investigation conducted by Ford Motor Company would have revealed that the Plaintiff not only suffered from the aforementioned condition, but was disabled under the terms and conditions of the aforementioned disability policy.

16.     Subsequent to the payment of disability payments to the Plaintiff, Ford Motor Company made demand for return of the sums in the amount of $3,000.

17.     At all relevant times herein, the Plaintiff refused to reimburse Ford Motor Company and further contested that he was not obligated, in any way, to reimburse Ford Motor Company for the aforementioned sums.

18.     Subsequent to demands being made upon it, Ford Motor Company retained Defendant, Premium Collection Services, Inc., and at its direction, inappropriately and illegally placed this purported obligation on Plaintiff's credit record with the various credit reporting agencies asserting that it was a delinquent obligation.

19.     Upon information and belief, Ford retained Defendant, Premium Collection Services, Inc., at a time long before 2008.

20.     The custom and practice of collection agencies such as Defendant, Premium Collection Services, Inc., upon being retained to collect a consumer debt is to initiate and/or send to the consumer an initial communication about the account being turned over for collection.

21.     Defendant, Premium Collection Services, Inc., shortly after its was retained by Ford Motor Credit, upon information, is believed to have initiated or sent a written initial communication to Plaintiff about the purported debt to Ford Motor Credit.

22.     Plaintiff did not receive the initial communication from Defendant, Premium Collection Services, Inc., so Plaintiff was unaware of the purported efforts to collect by Defendant, Premium Collection Services, Inc.

23.     Plaintiff believes that Defendant, Premium Collection Services, Inc., failed to properly address any written communication to Plaintiff at Plaintiff's valid and correct address, and such communication was or may have been returned to Defendant, Premium Collection

3

Services, Inc., putting it on notice that the communication was not addressed to a valid and correct address for Plaintiff.

24.     Defendant, Premium Collection Services, Inc., failed to provide a statutorily required validation notice required by 15 U.S.C. § 1692(g) requiring notification of the amount of the debt, the name of the creditor to whom the debt was purportedly owed, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, and similar information more fully outlined in that statute.

25.     Because the Defendant, Premium Collection Services, Inc., failed to provide this notification, or have any other successful contact with the Plaintiff at any time, the Plaintiff was unable to contest this purported debt or otherwise take steps to have it removed from his credit record.

26.     Defendant, Premium Collection Services, Inc., proceeded to try to collect the purported debt including to report the purported debt to the major credit reporting agencies at a time when it knew or should have known Plaintiff had no opportunity to challenge the validity of the purported debt.

27.     This improper  reporting of this purported obligation did not become known to the Plaintiff until the Spring, 2009.

28.     In the Spring, 2009, the Plaintiff attempted to finance a purchase of a home located at 457 South 99th Place, Mesa, Arizona.

29.     The purchase price of this home was $25,000.  It was a "fixer upper" home that would have required approximately $5,000 to make it ready for sale on the open market.

30.     Once the deficiencies in the home were remedied, upon information and belief, the Plaintiff could have sold the home for approximately $140,000.

31.     In the process of purchasing this home, the Plaintiff applied for home loans with FDC, Wells Fargo Bank, Bank of America and American General Finance.  In addition to purchasing a home, Plaintiff was going to refinance his home at a lower interest rate.

32.     It was at that time in the Spring 2009 that the Plaintiff learned for the first time that

4

the Defendant had placed this information on his credit record.  Plaintiff further learned that he could not qualify for a refinance, and any additional inquiries would reduce Plaintiff's FICO score even further.

33.    As a result of this inappropriate information being placed on his credit record, the Plaintiff was unable to finance the home and, as a direct result, lost equity which he would have received through the subsequent sale of the property. This information also has damaged the credit reputation of the Plaintiff.

## CAUSES OF ACTION

### *COUNT I*

### **(FDCPA Violation)**

34.    Plaintiff restates and incorporates herein all previous paragraphs.

35.    The Defendant violated the Act by failing to contact the Plaintiff about this obligation and provide a validation notice as required by § 1692(g) of the FDCPA.

### *COUNT II*

### **(Negligence)**

36.    Plaintiff restates and incorporates herein all previous paragraphs.

37.    Premium Collection Services, Inc's failure to provide the required notification constitutes negligence.

38.    As a result of Defendant's negligent actions, Defendant is liable to Plaintiff for his actual damages.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *COUNT III*

### (Defamation)

39.     Plaintiff restates and incorporates herein all previous paragraphs.

40.     Defendant's  publication of this false and defamatory matter concerning Plaintiff intended to and did prejudice Plaintiff in the conduct of his business and harmed his professional reputation.

41.     Defendant's communications concerning the alleged debt were defamatory in that they intended to, and did, lower Plaintiff in the estimation of the community and/or deterred third parties from associating or dealing with Plaintiff and harmed his professional reputation.

42.     Defendant knew, or at the very least, should have known, the information they published was inaccurate and highly inflammatory at the time it was published.

43.     Defendant's statements clearly referred to the Plaintiff.

44.     Defendant understood that their statements provided to the credit collection agencies concerned Plaintiff.

45.     The false and defamatory statements published by Defendant was deliberately made to impugn Plaintiff in his profession, trade and business.

46.     Defendant's assertion of a debt which was not actually due brought Plaintiff into disrepute, contempt and ridicule.

47.     Defendant has defamed Plaintiff by their publication of defamatory matter by written or printed words.

48.     Defendant's false and defamatory statements have had the effect of discrediting Plaintiff, prejudicing him in the conduct of his business, harming his professional reputation and causing Plaintiff to suffer injuries to his business.

49.     Defendant's liability for the defamation committed against the Plaintiff results from false and inflammatory statements to third parties and the existence of special harm caused by said publications.

///

///

50.     As a direct and proximate result of the defamation committed by Defendant against the Plaintiff, Plaintiff suffered damages and continues to suffer damages in an amount to be determined at trial.

51.     Defendant's defamatory acts were preformed intentionally, or at least recklessly, and without proper motives.

52.     Defendant's actions were oppressive, outrageous, malicious, intolerable, and made with a reckless disregard for the truth or falsity so as to justify an award of punitive damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

A.     Actual damages in an amount to be shown at trial;

B.     Statutory damages pursuant to the FCRA;

C.     Punitive damages in an amount to be determined at trial;

D.     Loss of credit reputation;

E.     Costs and reasonable attorney's fees; and

F.     Such other relief as may be just and proper.

DATED this 18th day of February, 2010.

UDALL, SHUMWAY & LYONS, PLC

/s/Bradley D. Gardner
Bradley D. Gardner
30 West First Street
Mesa, Arizona 85210
Attorneys for Plaintiff

3503095.1 \ February 16, 2010
107781-00001

7

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on February 18, 2010, I electronically transmitted the attached
document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice
3   of Electronic Filing to the following CM/ECF registrants:

4       Tomio B. Narita
        SIMMONDS & NARITA, LLP
5       44 Montgomery St., Suite 3010
        San Francisco, CA 94104
6       Co-Counsel for Defendant

7       Donald Peder Johnsen
        GALLAGHER & KENNEDY, PA
8       2575 E. Camelback Rd.
        Phoenix, AZ 85016
9       Co-Counsel for Defendant

10      /s/Kimberly Kershner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28