LAW OFFICES
UDALL, SHUMWAY & LYONS, P.L.C.
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax:  (480)833-9392

Bradley D. Gardner - #011211
bdg@udallshumway.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Horvath,<br><br>                Plaintiff,<br><br>v.<br><br>Premium Collection Services, Inc., a foreign company<br><br>                Defendant. | NO. 2:09-CV-02516-PHX-GMS<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Plaintiff, Richard Horvath, hereby responds to Defendant's Motion to Dismiss the First Amended Complaint. The motion asserts a failure to state a claim under Count One alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a et seq. The motion should be denied as a valid claim has been stated.

The First Amended Complaint alleges that consistent with custom in the collection agency industry, Defendant did attempt to send an initial communication and even a validation notice to Plaintiff. However, these efforts were unsuccessful because it was not properly addressed to Plaintiff at a valid and correct address. Further, it is alleged that Defendant was notified that the communications were improperly addressed to Plaintiff and were being returned. Nevertheless, Defendant did not give Plaintiff the opportunity to challenge the purported debt as intended by the FDCPA, but secretly reported the purported the debt to the credit reporting agencies resulting in Plaintiff's injury.

Receipt of the initial communication and even of the validation notice is not a requirement under the FDCPA. *See Mahon v. Credit Bur. of Placer Cty., Inc.* 171 F.3d 1197, 1199 (9th Cir.

1999) (§ 1692g does not require a showing of receipt)[1]. The FDCPA provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. § 1692g(a). To comply with § 1692g, a collection agency must send the communication to a valid and correct address. *Palisades Collection, LLC v. O'Brien*, 172 Ohio App.3d 186, 873 N.E.2d 923 (2007). In *Palisades*, the court held there was a question of fact requiring a trial whether the collection agency had sent its communication to comply with § 1692g to a valid and correct address of O'Brien. *Id*.

Defendant's motion argues that because all efforts to contact Plaintiff were unsuccessful, the requirement for a validation notice would never be triggered. This simply ignores the purpose of the FDCPA and all of its provisions. Congress passed the FDCPA because existing laws did not adequately address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

---

[1] The *Mahon* case left open the possibility of a different result if the original notice had been returned to the debt collector as undeliverable. *See id.* at 1202. The court noted that under the common law mailbox rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Id.* (internal quotations omitted).

consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

The FDCPA generally controls how debt collectors must interact with debtors. The Court in *Johnson v. Midland Credit Mgt. Inc.,* 2006 WL 2473004 (N.D. Ohio 2006), explained:

> If debt collectors could satisfy the FDCPA by merely sending validation notices to *any* address, valid or invalid, it would not serve to inform debtors of their rights, and would constitute an "abusive debt collection practice." 15 U.S.C. § 1692(e). Section 1692g exists to inform debtors of their right to dispute a debt and to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Van Westrienen,* 94 F.Supp.2d at 1096 (internal quotations omitted). If debt collectors were not obligated to send a follow-up validation notice after the first was returned as undeliverable, it would defeat the purpose of § 1692g, because debtors would have no notice of their right to dispute a debt. This is contrary to both the purpose and plain meaning of the FDCPA.

*Id.* at *12. The *Johnson* case dealt with a situation where a validation letter was sent to an apparently valid address but was returned in the mail as undeliverable. The court held that the presumption of validity was overcome by the fact that the mail was returned as undeliverable, and the creditor had an obligation to obtain a new, valid address. *Id.* at *12-13.

The *Johnson* case and the FDCPA statutes support liability under two theories: (1) that when an initial communication and the validation notice are sent to an address known to be incorrect, there is a violation of the FDCPA and (2) being able to destroy someone's credit by reporting a consumer debt without sending the initial and/or validation notice to a correct address is an abusive debt collection practice made unlawful under the FDCPA. 15 U.S.C. § 1692(e). In § 1692(d), Congress provided: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Thus, the First Amended Complaint alleges a valid claim under both theories.

Defendant argues that because the initial effort at communication was unsuccessful by Defendant it was free to oppress Plaintiff silently. But the validation notice must be sent within five days after an initial communication. No case cited by Defendant establishes or supports that the initial communication must be <u>received</u>. The initial communication can be by mail and a collector might not know the initial letter was undeliverable for more than five days, so it is understandable Congress did not require receipt of either the initial communication or the

3

validation notice as a trigger for FDCPA protection. *See Mahon v. Credit Bur. of Placer Cty., Inc.* 171 F.3d 1197, 1199 (9th Cir. 1999). In any event, Defendant has communicated with Plaintiff, through counsel, about the debt as part of this lawsuit. Pleadings in lawsuits have been held to be subject to the FDCPA. *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395 (E.D. Pa. 2008); *Anderson v. Frederick J. Hanna & Associates*, 361 F. Supp. 2d 1379 (N.D. Ga. 2005). Therefore, Defendant's distinction does not exist.

The allegations of the First Amended Complaint state a valid cause of action under the FDCPA.

DATED this 10th day of March, 2010.

UDALL, SHUMWAY & LYONS, PLC

/s/Bradley D. Gardner
Bradley D. Gardner
30 West First Street
Mesa, Arizona 85210
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tomio B. Narita
SIMMONDS & NARITA, LLP
44 Montgomery St., Suite 3010
San Francisco, CA 94104
Co-Counsel for Defendant

Donald Peder Johnsen
GALLAGHER & KENNEDY, PA
2575 E. Camelback Rd.
Phoenix, AZ 85016
Co-Counsel for Defendant

/s/Kimberly Kershner

3510264.1 \ March 9, 2010
107781-00001