Donald Peder Johnsen (011545)
dpj@gknet.com
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

Tomio B. Narita (admitted *pro hac vice*)
tnarita@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
(415) 283-1000

Attorneys for defendant
Premium Collection Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Horvath,<br><br>    Plaintiff,<br><br>vs.<br><br>Premium Collection Services, Inc.,<br><br>    Defendants. | CASE NO.: 2:09-CV-02516-GMS<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

The only claim asserted in the First Amended Complaint under the Fair Debt Collection Practices Act ("FDCPA") is a claim arising under section 1692g of the Act. A collector's obligations under that section are only triggered after an "initial communication" occurs directly with a consumer. Here, there are only three candidates that might qualify as the "initial communication" with plaintiff Richard Horvath ("Horvath"). They are 1) the validation letter sent by Defendant, which Horvath says he never received, 2) the communications Defendant made with consumer reporting agencies, and 3) communications made by counsel for Defendant to Horvath's counsel in connection with this litigation. None of these alleged "communications" qualify as "initial communications" that are "with a consumer" under section 1692g, so the FDCPA claim fails as a matter of law. The action must be dismissed.

Horvath admits in his opposition that Defendant allegedly "did attempt to send an initial communication and even a validation notice to Plaintiff" but this attempt was allegedly "unsuccessful because it was not properly addressed to Plaintiff at a valid and correct address." *See* Opposition (Docket 19) at 1. He then repeats his speculation that the validation letter may have been returned as undeliverable to Defendant. *Id*. Assuming this is true, under the plain language of the FDCPA, and consistent with the *Johnson* case cited by Plaintiff, there has been no initial communication, and Defendant's obligations under section 1692g were never triggered.

The Act provides that a collector need not send the section 1692g notice until five days <u>after</u> the collector has actually had the "initial communication" directly "with a consumer" concerning the debt. *See* 15 U.S.C. § 1692g (notice must be sent "[w]ithin five days of the initial communication with a consumer in connection with the collection of any debt ..."). Since Horvath insists that there have <u>never</u> been any communications "with the consumer" in this case, he has pled himself out of court. *See* First Amended Complaint, ¶ 25 (PCS allegedly failed to send the

1

validation notice "or have any other successful contact with Plaintiff at any time, . . ."). The notice requirements of section 1692g were never triggered, and the FDCPA claim fails as a matter of law.

Even the case relied upon by Horvath, *Johnson v. Midland Credit Management, Inc.*, 2006 WL 2473004 (N.D. Ohio Aug. 24, 2006), supports Defendant's position. *Johnson* notes that the statute requires that the collector to "send" the notice, and that "when a written notice is returned as undeliverable, it has not actually been *sent* to the *consumer*." *Id*. at *12 (emphasis in original). Under *Johnson's* reasoning, if Defendant's letter came back in the mail, as he claims, then it was never even "sent" in the first place.

Since Horvath concedes that he never got a letter from Defendant, the only other "communications" he has identified that could allegedly trigger the duty to send the section 1692g notice are the communications with the consumer reporting agencies, and the communications with Horvath's counsel. Neither qualifies.

As Defendant previously explained in its opening memorandum, the alleged communications with credit reporting agencies do not qualify as an initial communication "with a consumer" under section 1692g. Horvath never addresses this point or the cases cited by Defendant in his opposition brief, so he concedes it by his silence.[1]

---

[1] Courts have consistently recognized the communications with consumer reporting agencies or other third parties do not trigger an obligation to send the section 1692g notice to the consumer. *See, e.g., Robinson v. TSYS Total Debt Managment, Inc.*, 447 F. Supp. 2d 502, 508-09 (D. Maryland 2006) (summary judgment for defendant on section 1692g claim: allegation that Defendant "communicated the debt to Plaintiff's credit report" does not support section 1692g claim "because it is not a communication with a consumer."); *Pretlow v. AFNI, Inc.*, 2008 WL 345593, *1 (W.D. Va. Feb. 7, 2008) (dismissing section 1692g claim where plaintiff only alleged communications between defendant and consumer reporting agencies); *Kaiser v. Braje & Nelson, LLP*, 2006 WL 1285143 (N.D. Ind. May 5, 2006) (granting summary judgment on section 1692g claim where all communications were with debtor's

1    Similarly, as a matter of law, communications with Horvath's counsel in
2 connection with <u>this</u> lawsuit cannot qualify as initial communications under section
3 1692g. Horvath filed this lawsuit and has been represented by counsel throughout the
4 case. The Ninth Circuit has squarely held that the FDCPA does <u>not</u> apply to
5 communications with a consumer's counsel. *See Guerrero v. RJM Acquisitions, LLC*,
6 499 F.3d 926, 938 (9th Cir. 2007). As the Ninth Circuit observed, once the debtor has
7 retained an attorney, that attorney, not the FDCPA, provides the debtor with protection:

> When an individual is represented by counsel who fields all communications relevant to the debt collection, these concerns [addressed by the FDCPA] quickly evaporate. Attorneys possess exactly the degree of sophistication and legal wherewithal that individual debtors do not. *See Kropelnicki*, 290 F.3d at 127-28 (when "an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior.").

13 *Id*. at 938-39. Given *Guerrero's* clear holding, none of the pleadings filed in this
14 action, which were served on Horvath's counsel, can constitute "communications"
15 under the FDCPA.
16    Oddly, Horvath continues to rely upon *Mahon v. Credit Bureau of Placer*
17 *County, Inc*., 171 F.3d 1197 (9th Cir. 1999) to argue that a collector can <u>satisfy</u> the
18 requirements of section 1692g of the FDCPA without proving that the debtor actually
19 received the written validation letter. *See* Opposition at 1-2. This is true, but it does
20 not help Horvath. In *Mahon*, the court needed to determine whether the section 1692g
21 letter could be deemed received by the debtors, because the collector had engaged in
22 *subsequent* communications with the debtors. *See Mahon*, 171 F.3d at 1199
23 (describing subsequent letters and a phone call placed by the collector). If the section
24 1692g letter was not deemed received, then the *subsequent* communications would
25 have violated the Act. The *Mahon* Court concluded the section 1692g letter was sent
26 and that, consistent with the Mailbox Rule, the debtors had received it, so there was no

---

28 attorney, not with debtor).

1  violation. *Id*. at 1201-02.

2  *Mahon* does not apply in the context of this motion, since Horvath has alleged that he received <u>no</u> communications from PCS at all – not the section 1692g letter, or any other letter or phone call. Given this, Defendant never had an obligation to provide him with the section 1692g notice.[2]

## CONCLUSION

Horvath insists that Defendant never successfully communicated with him. Given this, the section 1692g claim fails as a matter of law. The FDCPA claim cannot be amended. The First Amended Complaint should be dismissed in its entirety.

RESPECTFULLY SUBMITTED this 17th day of March, 2010.

SIMMONDS & NARITA LLP


By: s/Tomio B. Narita
    Tomio B. Narita
    Attorneys for Defendant

---

[2] The case of *Palisades Collection, LLC v. O'Brien*, 172 Ohio. App. 3d 186 (2007) is similarly distinguishable. There, as in *Mahon*, it was important to determine whether the section 1692g letter was received (or deemed received) by the consumer, because the collector had engaged in subsequent communications with the consumer in an attempt to collect the debt. *O'Brien*, 172 Ohio App. 3d at 190-91(collector mailed a first and a second section 1692g letter, and then served a collection complaint).

1 | I certify that on this 17th day of March, 2010, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bradley D. Gardner (011211)

Attorney for Plaintiff

                                              By: s/Tomio B. Narita
                                                        Tomio B. Narita
                                                        admitted *pro hac vice*